expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

167 A.3d 1292

IN THE MATTER OF MITCHEL TARTER, AN ATTORNEY
AT LAW (ATTORNEY NO. 011262003)

September 13, 2017

## ORDER

This matter have been duly presented pursuant to *Rule* 1:20–10(b), following a granting of a motion for discipline by consent (DRB 17–174) of **MITCHEL TARTER,** formerly of **METU-CHEN,** who was admitted to the bar of this State in 2003, and who has been suspended from the practice of law since May 1, 2013;

And the Office of Attorney Ethics and respondent having signed a stipulation of discipline by consent in which it was agreed that respondent violated *RPC* 1.4(b)(failure to communicate with client), *RPC* 1.16(a)(2)(prohibiting the representation of a client if the lawyer's physical or mental condition materially impair the lawyer's ability to represent the client), *RPC* 1.16(d)(failure to protect client's interests on termination of the representation), *RPC* 5.4(a)(sharing legal fees with a nonlawyer), *RPC* 7.2(c)(giving something of value to a person for recommending the lawyer's services, other than by advertising), *RPC* 7.3(d)(compensating or giving something of value to a person for recommending the lawyer's services, other than by an approved lawyer referral service), *RPC* 8.1(b)(failure to cooperate with disciplinary authorities), and *RPC* 8.4(d)(conduct prejudicial to the administration of justice);

And the parties having agreed that respondent's conduct violated *RPC* 1.4(b), *RPC* 1.16(a)(2), *RPC* 1.16(d), *RPC* 5.4(a), *RPC* 7.2(c), *RPC* 7.3(d), *RPC* 8.1(b) and *RPC* 8.4(d), and that said conduct warrants a one-year suspension or lesser discipline as the Board deems warranted;

And the Disciplinary Review Board having dismissed the stipulated violation of *RPC* 7.3(d) as inapplicable;

And the Disciplinary Review Board having determined that a six-month term of suspension is the appropriate quantum of discipline for respondent's unethical conduct and having granted the motion for discipline by consent in District Docket Nos. XIV–2014–0430E, XIV–2014–0431E, XIV–2014–0432E, XIV–2014–0433E, XIV–2014–0434E, XIV–2014–0435E, XIV–2014–0436E, XIV–2014–0437E, and XIV–2014–0438E;

And the Disciplinary Review Board having further determined that prior to reinstatement to the practice of law, respondent should be required to submit proof of his fitness to practice as attested to by a mental health professional approved by the Office of Attorney Ethics, and submit proof of his continued participation in Alcoholics Anonymous, Lawyers Concerned for Lawyers and the New Jersey Lawyers' Assistance Program, and that following reinstatement, he should practice law under the supervision of a practicing attorney approved the Office of Attorney Ethics for a period of two years;

And the Disciplinary Review Board having submitted the record of the proceedings to the Clerk of the Supreme Court for the entry of an order of discipline in accordance with *Rule* 1:20–16(e);

And good cause appearing;

It is ORDERED that **MITCHEL TARTER**, formerly of **METUCHEN**, is hereby suspended from the practice of law for a period of six months, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit to the Office of Attorney Ethics proof of his fitness to

practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that respondent shall submit to the Office of Attorney Ethics proof of his continued participation in Alcoholics Anonymous, Lawyers Concerned for Lawyers, and the New Jersey Lawyers' Assistance Program, on a schedule to be determined by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to the practice of law, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years, and until the further Order of the Court; and it is further

ORDERED that **MITCHEL TARTER** remain suspended from the practice of law pursuant to the Orders of the Court filed April 3, 2013, and January 16, 2014, and pending his compliance with the stipulation of settlement entered into with the District VIII Fee Arbitration Committee in District Docket No. VIII–2011–0049F, and payment of the sanction of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(d); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.